UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROHIT ROHIT,

          Petitioner,

    v.

JOSHUA JOHNSON, *et al.*,

          Respondents.

Case No. 5:26-cv-01388-CV (AYPx)

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**
**[2]**

Petitioner Rohit Rohit ("Petitioner") is a noncitizen who has been detained by U.S. Immigration and Customs Enforcement ("ICE"). He currently remains in detention while suffering chest pains. Presently before the Court is Petitioner's request for a temporary restraining order requiring Respondents to either provide him with immediate medical care or, alternatively, release him from detention.

On March 23, 2026, Petitioner filed what he styled as a petition for writ of mandamus or, alternatively, habeas corpus ("Petition"). Doc. # 1 ("Pet."). The Petition was filed against: Respondents Joshua Johnson, Acting Warden of the Desert View Annex Detention Facility; ICE; David Marin, Field Office Director of the ICE Enforcement and Removal Operations in the Los Angeles Field Office; Marcos Charles, Acting Executive Associate Director of ICE's Enforcement and Removal Operations; Todd M. Lyons, Acting Director

of ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Pam Bondi, U.S. Attorney General (collectively "Respondents").

Concurrently with the Petition, on March 23, Petitioner filed a Motion for Temporary Restraining Order ("Motion"). Doc. # 2. Petitioner requests the Court to order Respondents to provide Petitioner with "immediate medical care" or, in the alternative, Petitioner's immediate release. *Id.* at 5. On March 26, 2026, Respondents filed an opposition brief. Doc. # 8 ("Opp."). Petitioner filed a reply on March 28, 2026. Doc. # 9.

The Court finds that oral argument is not necessary to resolve the present dispute. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001). Having reviewed and considered the parties' briefing, the Court **DENIES** the Motion.

## I.    FACTUAL BACKGROUND

Petitioner is a native and citizen of India. On June 13, 2024, Petitioner entered the United States through Canada and was immediately detained upon arrival. Pet. ¶¶ 1, 25. That same day, he was released on an order of his own recognizance. *Id.* ¶ 1. Petitioner is subject to ongoing removal proceedings. *Id.* ¶ 1, 25. He has also filed an application for asylum and seeks protection under the Convention Against Torture. *Id.*

In June 2025, Petitioner was re-detained. On July 11, 2025, an immigration judge denied Petitioner release on bond because he posed a flight risk. *Id.* ¶ 25. On February 9, 2026, an immigration judge again denied Petitioner release on bond. *Id.*

While in detention, Petitioner has repeatedly complained of chest pain. *Id.* ¶ 26. Respondents have allegedly failed to provide meaningful diagnostic testing, specialist consultation, or treatment. *Id.*

On March 23, 2026, Petitioner filed his Petition, along with the present Motion. The Petition asserts claims for (1) a writ of mandamus, and (2) habeas relief. *Id.* ¶¶ 49–57. Petitioner's request for a writ of mandamus is premised on Respondents' alleged failure to provide adequate medical care for his chest pains in violation of the Fifth Amendment. *See id.* ¶¶ 49–51. Petitioner's request for habeas relief appears to be premised on claims that

2

(1) Respondents failed to provide adequate medical care, (2) Petitioner's continued detention is not related to any legitimate regulatory purpose, and (3) Petitioner's detention has been unconstitutionally prolonged. *See id.* ¶¶ 52–57. In addition to writs of mandamus and habeas corpus, Petitioner seeks declaratory and injunctive relief. *Id.* ¶¶ 58–68.

## II.    LEGAL STANDARD

The standards for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 are the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm absent preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* elements are also met. *Id.* at 1132.

## III.   DISCUSSION

Petitioner seeks a TRO ordering Respondents to provide Petitioner with "immediate medical care." Mot. at 5. Alternatively, Petitioner requests the Court to order his immediate

release. However, the Court will deny Petitioner's requests for failure to demonstrate a likelihood of success on the merits on any of his claims. *Id.*

*First*, Petitioner failed to demonstrate a likelihood of success on his claim for writ of mandamus. To establish a claim for writ of mandamus, a Petitioner must show that (1) his "claim is clear and certain; (2) the [Government's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.'" *Guerrero v. Clinton*, 157 F.3d 1190, 1197 (9th Cir. 1998) (quoting *Oregon Nat. Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995)); *see also Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) ("[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."). In his Motion, Petitioner did not even attempt to demonstrate that any of these elements have been met. Accordingly, the Court cannot grant a TRO request based on Petitioner's mandamus claim.

*Second*, Petitioner failed to demonstrate a likelihood of success on any of the claims underlying his request for habeas relief. For example, Petitioner has put forth no evidence showing that Respondents were "deliberately indifferent" to Petitioner's serious medical needs, as required to sustain a Fifth Amendment claim for inadequate medical care. *See Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Additionally, Petitioner is unlikely to succeed on his claim that his continued detention is not related to any legitimate regulatory purpose. As Petitioner acknowledges, an immigration judge twice denied him release on bond after deeming him a flight risk, which is a proper justification for his continued detention. *See* Pet. ¶ 25. Petitioner has provided no basis for this Court to effectively overturn the immigration judge's decision by ordering his immediate release, as he appears to request in the present Motion.

Finally, Petitioner is unlikely to succeed on his claim that his prolonged detention violates his Fifth Amendment due process rights. Petitioner is correct that "extended detention raises serious due process concerns." *Id.* However, Petitioner has not made clear what process he has been denied, particularly given that he has been provided with two bond hearings since his detention. Furthermore, Petitioner has made no showing as to why

his immediate release is required, as he appears to request in his TRO, given that an immigration judge twice denied his release after deeming him a flight risk.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.


**IT IS SO ORDERED**.


Dated:  4/13/26

*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE